[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This lawsuit involves the application of proceeds from the sale and refinance of certain properties among various creditors. The plaintiff entities are related to Attorney Henry Elstein, a principal of the plaintiffs law firm. Prior to the transaction in dispute and during the transaction which gives rise to this dispute, Attorney Elstein represented Shea Chevrolet, Inc., a car dealership, of which the defendant in this action, Joseph Shea, was a principal. Mr. Elstein also represented Mr. Shea personally. In the present dispute, the plaintiffs claim that in connection with the sale of Shea Chevrolet and the real property upon which it was located, there was a meeting between Shea, Elstein and the defendants Enright and Mahoney in which plaintiffs claim that the defendants Enright and Mahoney, on behalf of the defendants Middlebury and BTS, agreed to a certain application of the proceeds from the sale. Plaintiffs maintain that the proceeds were not allocated in accordance with that agreement and that they had been induced to release its lien on the Terryville property relying on that agreement.
The BTS defendants have taken the deposition of Mr. Shea during which Mr. Shea on numerous occasions asserted the attorney-client privilege when asked questions pertaining to conversations which he had in private with Attorney Elstein. The defendants maintain that the privilege was waived upon the filing of the lawsuit by Mr. Elstein and the entities with which he was affiliated.
Connecticut has a longstanding strong public policy of protecting attorney-client communications. See e.g., Doyle v. Reeves, 112 Conn. 521,523, 152 A.882 (1931) and more recently, Metropolitan Life Ins. v. AetnaCasualty Surety, 249 Conn. 36 (1999). The cases in our state hold that it is important not to weaken the privilege with various exceptions because "as the United States Supreme Court has explained, even the threat of disclosure would have a detrimental effect on attorneys' ability to advocate for their clients while preserving their ethical duty CT Page 16150 of confidentiality." MetLife v. Aetna, supra, at page 48 citing Hickmanv. Taylor, 329 U.S. 495, 511 (1947).
Citing Metropolitan Life supra, the defendants correctly assert that the attorney-client privilege is waived where "a party specifically pleads reliance on an attorney's advice as an element of a claim or defense, voluntarily testifies regarding portions of the attorney-client communication, or specifically places at issue, in some other manner, theattorney-client relationship," at pp. 52-53 (emphasis supplied). They also correctly assert that where two or more clients are represented by a common lawyer that when a dispute arises among those jointly represented privilege is inapplicable.
Here, however, although the defendant Shea has been sued by the plaintiffs with whom he formerly had counsel in common (Mr. Elstein), he has not elected to waive the privilege with respect to those conversations which he had in private with Mr. Elstein. Furthermore, Mr. Shea himself has done nothing to place at issue the advice which he received from Mr. Elstein.
Accordingly at this stage, the court will deny the motion to compel the testimony of Mr. Shea with respect to conversations which he had in confidence with Mr. Elstein. Other defendants also allege that theplaintiffs have placed "at issue" certain factors regarding Mr. Elstein's representation of Mr. Shea which would qualify those discussions to the "at issue" exception to the attorney-client privilege. In Connecticut the "at issue" exception to the attorney-client privilege is an implied waiver of the privilege and it may be invoked only when the contents of the legal advice is integral to the outcome of the legal claims of the litigation. It does not appear to the court that Mr. Shea, a defendant in this case, has placed the facts and circumstances of his representation by Mr. Elstein "at issue" as that doctrine has been applied in Connecticut.
The motion to compel is denied.
___________________ McLachlan, J. CT Page 16151